IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LYTECH SOLUTIONS, INC.,

   Plaintiff,

 v.

STELLER INC., d.b.a. PRIEBE
ELECTRONICS,

   Defendant.

Case No. 6:14-cv-00683-AA
OPINION AND ORDER

Craig McMillin
Mills & McMillin PC
715 Commercial Street, NE
Salem, Oregon 97301
 Attorney for plaintiff

Stellar Inc., d.b.a. Priebe Electronics
Attn: Terry Edgar
15530 Woodinville Redmond Road NE, Suite B100
Woodinville, Washington 98607

Priebe Electronics
15530 Wood-Red Road NE, Suite B100
Woodinville, Washington 98072
 Pro se defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Lytech Solutions, Inc. moves for summary judgment against defendant Stellar Inc., d.b.a. Priebe Electronics pursuant to Fed. R. Civ. R. 56. For the reasons set forth below, plaintiff's motion is granted, in part, and denied, in part, and this case is dismissed.

## BACKGROUND

Plaintiff is an Oregon corporation in the business of preparing and providing electronic components for commercial sale. On April 2, 2007, plaintiff entered into a written purchase agreement ("Contract") with defendant, a Washington corporation, that dictated the general terms of the parties' working relationship. The Contract had an initial term of two years but "automatically renew[ed] for [successive] additional periods of one (1) year." Pl.'s Mem. in Supp. of Mot. Summ. J. Ex. 1, at 3. Between November 24, 2009, and November 4, 2013, defendant purchased $136,090.70 worth of electronic components from plaintiff. Plaintiff delivered these goods to defendant along with corresponding invoices pursuant to the terms of the Contract. Defendant made nominal payments, in April 2012 and October 2013, totaling $2772.26.

On February 19, 2014, plaintiff filed a complaint in Multnomah

County Circuit Court, alleging three claims[1] aimed at recovering the amount owed - i.e. $133,318.44, plus nine percent interest[2] - for the goods furnished to and accepted by defendant. On April 25, 2014, defendant removed plaintiff's claims to this Court. On May 22, 2014, defendant answered plaintiff's complaint admitting to: the existence of the Contract, "purchas[ing] goods from plaintiff [that were] delivered to defendant," receiving "invoice[s] [from plaintiff] in the amount of $133,318.44 for the goods delivered," and "not pa[ying] plaintiff." Answer ¶¶ 3-4, 7, 11, 13.

On July 21, 2014, the Court granted defendant's attorney leave to withdraw in light of the fact that "[d]efendant has incurred an unanticipated financial setback [and will be] filing for bankruptcy protection in the near future." Potter Decl. ¶ 2. On September 16, 2014, plaintiff moved for summary judgment. On December 5, 2014, a telephone status conference was held with the Court. As of the date

---

[1] While plaintiff's first two causes of action are discernable from the complaint - i.e. breach of contract and action on account stated - plaintiff neglected to title its third claim which states, "the fair market value of the inventory sold to [d]efendant is $133,318.44 [and defendant] has paid nothing thereon." Compl. ¶ 13. The Court construes this claim as an action on account. See N.W. Country Place, Inc. v. NCS Healthcare of Or., Inc., 201 Or.App. 448, 460 n.9, 119 P.3d 272 (2005).

[2] Plaintiff also seeks costs, but in two divergent sums. Compare Pl.'s Mot. Summ. 1 (requesting $531 in costs and disbursements), with Lytle Decl. pg. 4 (declaring that plaintiff incurred $621 in costs and disbursements). In light of this discrepancy, combined with the fact that plaintiff failed to introduce any documentation of its costs, the Court denies plaintiff's request.

Page 3 - OPINION AND ORDER

of this decision, defendant has not filed an opposition to plaintiff's summary judgment motion or a bankruptcy petition.

**STANDARD**

Summary judgment is appropriate if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the

Page 4 - OPINION AND ORDER

nonmoving party. T.W. Elec., 809 F.2d at 630.

## DISCUSSION

Plaintiff asserts it is entitled to summary judgment, especially in light of the fact that defendant "implied [it] would not be participating further in these proceedings" due to the company's underlying insolvency, because "[a]ll of the product sold and delivered to [d]efendant was accepted [and defendant] has not paid." Pl.'s Mem. in Supp. of Mot. Summ. J. 1-2.

I. Liability

To establish a claim for breach of contract, the "plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." Slover v. Or. State Bd. of Clinical Soc. Workers, 144 Or.App. 565, 570, 927 P.2d 1098 (1996) (citation and internal quotations omitted). Similarly, to prove an action on account stated, the plaintiff must show "an agreement between persons who have had previous transactions of a monetary character fixing the amount due in respect to such transactions" and a unfulfilled promise of payment. Merchs. Bonding Co. v. Skinner Bonding of Or., Inc., 2007 WL 4563523, *4 (D.Or. Dec. 21, 2007) (citation and internal quotations omitted). To demonstrate a common law claim for action on account, the plaintiff must provide "proof that there was a sale and delivery of merchandise, that the prices were charged in accordance with an

agreement or, in absence of an agreement, were usual, customary, and reasonable prices for merchandise, and that the account was not paid." N.W. Country, 201 Or.App. at 460 n.9 (citations and internal quotations omitted).

Here, irrespective of the theory of liability, summary judgment is appropriate. Defendant does not contest the existence of a valid Contract or plaintiff's delivery of $133,318.44 worth of unpaid goods pursuant to that Contract. Answer ¶¶ 3-4, 7, 11, 13. Defendant's only remaining duty was payment, which it undisputedly failed to do.[3] See Pl.'s Mem. in Supp. of Mot. Summ. J. Ex. 1, at 1-2; Or. Rev. Stat. § 72.6070(1); see also In re Empire Pac. Indus., Inc., 71 B.R. 500, 506 (Bankr.D.Or. 1987) (after acceptance, the buyer's options under Oregon's Uniform Commercial Code ("UCC") are limited to payment, revoking acceptance "within a reasonable time [of] discover[ing] the defect" in accordance with Or. Rev. Stat. § 72.6080, or "seeking damages for the non-conformity" pursuant to Or. Rev. Stat. § 72.7140). Plaintiff's motion is granted as to liability.

## II. Damages

While it is undisputed that plaintiff provided $133,318.44

---

[3] Although it raised the defectiveness of plaintiff's product as an affirmative defense, defendant confirmed at the telephone status conference that it was not going to participate further in these summary judgment proceedings. Compare Answer pg. 2-3, with Lytle Decl. pg. 3-4. As a result, defendant has not furnished any argument or evidence contesting plaintiff's full-performance or lack of breach.

Page 6 - OPINION AND ORDER

worth of goods which defendant accepted and has not paid for, the Court must resolve two issues in relation to damages: the deficiencies in plaintiff's billing statement and the statute of limitations.

A.  Deficiencies in Plaintiff's Motion

Plaintiff's memorandum in support of its motion for summary judgment is two pages long and fails to address myriad salient issues. For instance, the Contract stipulates that "Purchase Orders shall be the vehicle for [defendant's] purchase of Products." Pl.'s Mem. in Supp. of Mot. Summ. J. Ex. 1, at 2. Plaintiff, however, has not provided any purchase orders and instead introduced a two-page "Statement," prepared in February 6, 2014, as evidence of damages. Pl.'s Mem. in Supp. of Mot. Summ. J. Ex. 2. In other words, there is no contemporaneous documentation of the parties' transactions, either in the form of invoices or purchase orders.

Moreover, plaintiff's February 2014 statement lacks transparency. This statement contains three categories of information: (1) the date on which defendant's purchase from plaintiff was invoiced; (2) the original value amount of the transaction; and (3) the amount actually billed for the transaction. Concerning the first category, defendant's purchases can be grouped into four discrete periods: November 2009 (four invoices totaling $98.61); February 2010 (one invoice totaling $31.32); November 2011 (one invoice totaling $127.26); and June

Page 7 - OPINION AND ORDER

2013 through November 2013 (40 invoices totaling $133,061.25). The original value amount of the transaction matches the amount actually billed for the 2013 invoices. Yet for the remaining invoices, the amount billed has little bearing on the listed value of the transaction. Three out of the four 2009 entries list the amount actually billed as one percent of the stated value; for the final 2009 invoice, along with the two from 2010 and 2011, the original value amount of the transaction has no apparent relation to the amount actually billed. See, e.g., Pl.'s Mem. in Supp. of Mot. Summ. J. Ex. 2, at 1 (final November 2009 invoice lists $1,613.28 as the original transaction amount however the amount actually billed totaled $18.55).

Plaintiff's statement reflects that defendant's first payment was for one cent in April 2012, but defendant did not make any purchases between November 2011 and June 2013. The only other payment made by defendant was in October 2013 for $2,772.25, which represents less than one-half percentage of the outstanding balance.

The fact that plaintiff continuously sold and delivered products to defendant over a four year period without any meaningful remuneration, in conjunction with the fact that the amounts billed prior to 2013 had a negligible connection to the actual value of the transaction, raises serious questions regarding the parties' working relationship. The Court notes plaintiff's

brief is silent as to these issues. As a result, the Court finds that plaintiff failed to carry its initial burden regarding invoiced transactions wherein the original amount fails to equate the amount actually charged, resulting in a $257.19 reduction in damages.

B.  Statute of Limitations

Under the UCC, any action for breach of contract or action on account "must be commenced within four years after the cause of action has accrued." Moorman Mfg. Co. of Cal., Inc. v. Hall, 113 Or.App. 30, 32-33, 830 P.2d 606, rev. denied, 314 Or. 175, 836 P.2d 1345 (1992) (citation and internal quotations omitted). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Or. Rev. Stat. § 72.7250(2).

Plaintiff filed this lawsuit on February 19, 2014. Plaintiff does not provide any argument or evidence regarding the tolling of the statute of the limitations and, per the terms of the Contract, each shipment "shall be a separate and independent transaction [and] invoiced separately," and defendant "shall pay each shipment separately as invoiced." Pl.'s Mem. in Supp. of Mot. Summ. J. Ex. 1, at 1. In addition, payment for each shipment was due "within forty-five (45) days of the invoice date." Id. As such, damages relating to any transaction that was invoiced before January 6, 2010, are also time barred.

Page 9 - OPINION AND ORDER

## CONCLUSION

Plaintiff's motion for summary judgment (doc. 10) is GRANTED, in part, and DENIED, in part, in that liability is established but damages are reduced by $257.19. Therefore, plaintiff is awarded $133,061.25, bearing interest at nine percent per annum retroactively to November 13, 2013. This case is DISMISSED and all pending motions are DENIED as moot.

IT IS SO ORDERED.

Dated this 16th day of December 2014.

_____
Ann Aiken
United States District Judge